# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

      Plaintiff,

     v.                        Case No. 25-CR-103

RYAN S. SCHROEDER,

      Defendant.

## ORDER

Ryan Schroeder moves to suppress statements he made to investigators, as well as any evidence derived from those statements. (ECF No. 11.) Schroeder argues that he was subject to custodial interrogation without first being advised of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966).

> The parties agree that an evidentiary hearing is necessary in order for the court to consider evidence related to factual disputes: whether Mr. Schroeder was in custody for the purposes of *Miranda* warnings, whether Mr. Schroeder was being interrogated, whether there was a valid *Miranda* waiver, whether any subsequent waiver was tainted by the un-*Mirandized* interrogation, and the extent of suppression based on the fruit of the poisonous tree doctrine.

(ECF No. 11 at 2.)

Criminal Local Rule 12(c) requires that the party seeking an evidentiary hearing "provide a description of the material disputed facts that the movant claims require an evidentiary hearing." The disputes the parties identify appear to be legal

rather than factual. According to Schroeder's motion, the relevant interactions were audio and video recorded. Because custody for *Miranda* purposes is assessed objectively, *J. D. B. v. North Carolina*, 564 U.S. 261, 270 (2011), it is unclear what additional relevant evidence a hearing is likely to adduce beyond what the court can find from watching the videos.

Nonetheless, based on the parties' agreement that factual disputes exist which necessitate an evidentiary hearing to resolve, the parties' request is **granted**. The parties, however, should take care to not simply elicit testimony duplicative of what is captured in the videos. Moreover, the parties are encouraged to stipulate to the admission of the recordings, thus obviating the need for authenticating witnesses. Because the witnesses are from northeastern Wisconsin, the evidentiary hearing will be before this court rather than referring the matter to Magistrate Judge Dries for a report and recommendation.

    **SO ORDERED**.

    Dated at Green Bay, Wisconsin this 5th day of September, 2025.

*s/ Byron B. Conway*
BYRON B. CONWAY
United States District Judge

2