UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

                 Plaintiff,

        v.                                                    Case No. 25-CR-103

RYAN S. SCHROEDER,

                 Defendant.

## GOVERNMENT'S RESPONSE BRIEF

The United States of America, by its attorneys, Brad D. Schimel, United States Attorney for the Eastern District of Wisconsin, and Daniel R. Humble and Timothy W. Funnell, Assistant United States Attorneys for said district, respectfully submits this brief in response to Schroeder's motion to suppress statements and derivative evidence. (ECF 11 & 22)

The government stands by its arguments in its brief in opposition to the defendant's motion following the evidentiary hearing. (ECF 21) It will offer a limited response to the defendant's supplemental brief. (ECF 22)

*A. Allegations of a "two-step" process by law enforcement*

To the extent that the defendant alleges that Det. Steber engaged in a "two-step" interrogation of the defendant in violation of *Missouri v. Seibert* he is mistaken. The Seventh Circuit has determined that "[t]he question of whether an interrogating officer deliberately withheld *Miranda* warnings will invariably turn on the credibility of the officer's testimony in light of the totality of the circumstances surrounding the interrogation." *United States v. Stewart*, 536 F.3d 714, 719-720 (7th Cir. 2008). In *Stewart*, the Seventh Circuit determined that the subjective belief of the officer is relevant as to the reasons for deferring *Miranda* warnings. *U.S. v. Stewart*,

536 F.3d 714 at 721. In that case, the district court credited the officer's subjective belief that the suspect was not in custody for *Miranda* purposes. <u>Id</u>. The Seventh Circuit invoked Justice Kennedy's "intent based test" laid out in his *Seibert* concurrence which suggested a number of plausible reasons why an officer might legitimately delay delivering *Miranda* warnings including "[a]n officer may not realize that a suspect is in custody and warnings are required." *Seibert*, 542 U.S. at 620, 124 S.Ct. 2601 (Kennedy, J., concurring)[1] The majority of circuit courts have held that Justice Kennedy's concurrence is the controlling standard in *Seibert* challenges. *United States v. Guillen*, 995 F.3d 1095, 1116 (10th Cir. 2021).

In the case before this Court, Det. Steber testified that the defendant was not in custody during their initial conversation in the school conference room and that he, Schroeder, was free to leave at any time. (ECF 18 at 62-63) There is no reason to question the veracity of Det. Steber's testimony on that point. Further, both Det. Brooks and Det. Steber had been told by Assistant District Attorney Scarpelli and Lt. Brett Oswald that they were not to arrest Schroeder until the forensic interview of G.K. had been completed. (ECF 18 at 29, 72) Neither detective could have intentionally delayed giving *Miranda* warnings to the defendant as part of a "two-step" plan since neither had been given permission nor believed that they would be taking the defendant into custody for a follow-up interrogation. It was only upon learning that there was a second alleged victim of a "hands on" and "physical offense" was the decision made by Det. Steber to arrest the defendant and take him into custody. (ECF 18 at 73, 97)

Even if this Court finds that the defendant was in custody during his conference room interview *and* Det. Steber intentionally engaged in a "two-step" interrogation, the post-*Miranda* statement given at the sheriff's office is still admissible evidence. There was a "substantial break

---

[1] Two years later in *United States v. Lee*, a different panel of the Seventh Circuit chose not follow Justice Kennedy's "intent based" test noting that the facts of the case did not require deciding what test should govern and to date they have adopted no formal test for analyzing *Seibert*. *Lee*, 618 F.3d 667 (7th Cir. 2010).

in time and circumstances" between the statements given at the school conference room and the subsequent *Mirandized* statement at the sheriff's office which acted as a curative measure. *Seibert*, 542 U.S. at 622, 124 S.Ct. 2601 (Kennedy, J., concurring). The change in time and circumstances "may suffice in most circumstances, as it allows the accused to distinguish the two contexts and appreciate that the interrogation has taken a new turn." *Seibert*, 542 U.S. at 622, 124 S.Ct. 2601 (Kennedy, J., concurring). Here, the defendant was placed under arrest and taken into custody in the school conference room at 3:38 p.m. and escorted by the transport deputies to the sheriff's office where he was placed in the "soft interview" room. (Ex. 008 @ 15:38, ECF 18 at 76) There is a vast chasm between a school conference room, the back of a squad car, and a sheriff's office interview room, this change in circumstance alone should have been more than sufficient to put the defendant and any reasonable person on notice that the investigation had taken a significant turn. Det. Steber would not speak with the defendant until considerable time had passed at which time he was read his *Miranda* rights with the full ability to "distinguish the two contexts" and knowingly and meaningfully waive his rights, which he did and later affirmed in writing. (Ex. 003, 009)

### B. Probable cause to seize versus probable cause to arrest

The defendant attempts to conflate the detectives' decision to seize his cell phone and iWatch based on probable cause with the entirely separate decision regarding the defendant's arrest. (ECF 22, at 11). As Det. Steber testified, he knew from the disclosures of G.K. and from the information he learned from Detective Brooks that there was likely important evidence contained within the defendant's electronics. (ECF 18 at 58-59) It is well settled law that police are entitled to seize property they lawfully encounter that constitutes or contains evidence of a crime. *Coolidge v. New Hampshire*, 403 U.S. 443, 465 (1971)

Probable cause to seize the defendant's electronics has no bearing on the detectives' separate decision as to whether to arrest the defendant. As the Seventh Circuit has noted "an arresting officer's subjective belief is not relevant." *Ochana v. Flores*, 347 F.3d 266, 272 (7th Cir. 2003) Both of the detectives explained their reasons for not initially arresting the defendant and it is well understood that law enforcement has broad discretion when it comes to the decision to arrest a suspect on probable cause or allow them to go free. *See generally Town of Castle Rock, Colorado v. Gonzales*, 545 U.S. 748, 125 S.Ct. 2796, 162 L.Ed.2d 658 (2005). And as Detective Steber testified, he ultimately exercised that discretion after speaking with the defendant further and learning about the existence of a second victim and a "physical offense." (ECF 18 at 73)

**Conclusion**

Based on the evidence presented at the motion hearing and written arguments, the Court should deny Schroeder's motion to suppress.

Dated at Green Bay, Wisconsin this 4th day of December, 2025.

Respectfully submitted,

BRAD D. SCHIMEL
United States Attorney

By: *s/Timothy W. Funnell*
TIMOTHY W. FUNNELL
Assistant United States Attorney

*s/ Daniel R. Humble*
DANIEL R. HUMBLE
Assistant United States Attorney

Attorneys for Plaintiff
Office of the United States Attorney
Eastern District of Wisconsin
205 Doty Street, Suite 301
Green Bay, WI 54301
Telephone: (920) 884-1066
E-Mail: Tim.Funnell@usdoj.gov
Daniel.Humble@usdoj.gov

4